UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ETHEL WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CERTAINTEED GYPSUM, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cv-00204-GMN-LRL <br><br> **ORDER** |

This Title VII/ADEA case arises out of alleged race, gender, and age discrimination and subsequent retaliation.  Pending before the Court is Defendant's Motion to Dismiss and, in the alternative, Motion for a More Definite Statement (ECF No. 9).  For the reasons given herein, the Court GRANTS the motion in part, dismissing the Complaint with leave to amend.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Ethel Washington is a fifty-five, sixty-seven, or sixty-eight year-old African-American woman who has worked for Defendant Certainteed Gypsum, Inc. ("Certainteed") since 1986. (*See* Compl. 1:22, 1:27, 3, ECF No. 1.)[1]  Plaintiff alleges that in July 2008 a position as a Production Manager became vacant, and, on or about July 15, 2008, she interviewed two younger, white males for the position. (*Id.* at 4 ¶¶ 3–4.)  Plaintiff applied for the position herself, but although the company Vice President had

---

[1] The first page of the Complaint indicates that Plaintiff was "born in 1942," which would make her sixty-seven or sixty-eight years old during calendar year 2010.  However, the third page of the Complaint, which consists of an amendment to Plaintiff's Charge of Discrimination to the Nevada Equal Rights Commission, indicates that Plaintiff was born on December 10, 1954, which would make her fifty-five years old as of the date of this order.  In the body of the Charge of Discrimination, dated April 21, 2009, Plaintiff alleges that she is fifty-four years old, which is consistent with a December 10, 1954 date of birth. (*See* Compl. at 4, ECF No. 1.)  It is worth noting that the amendment to the Charge of Discrimination is actually dated April 21, 2008, but this is almost certainly an inadvertent error, as the body of the amendment includes references to events in December 2008 and February 2009.

instructed Glen Abraham, the Plant Manager, to interview Plaintiff for the position, he did not do so. (*Id.* at 4 ¶ 4.) Mr. Abraham allegedly told Plaintiff that filling the position was "political." (*Id.*) On or about November 18, 2008, James Turba, one of the younger, white males Plaintiff had interviewed, was selected to fill the position. (*Id.* at 4 ¶ 5.)

On December 22, 2008, Plaintiff filed the Charge of Discrimination ("COD") with the Nevada Equal Rights Commission ("NERC"), alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as under parallel state laws. (*See id.* at 3–4.) On April 21, 2009, Plaintiff filed an amendment to the COD, alleging retaliation in the form of a negative performance review and a "write-up," in violation of Title VII. (*See id.* at 3.) On January 28, 2010, the Equal Employment Opportunity Commission ("EEOC") mailed Plaintiff the Right to Sue Letter ("RTS") on EEOC Charge No. 34B-2009-00407, which corresponds to the COD and amendment thereto. (*See id.* at 3–5.) Plaintiff filed the Complaint in this Court within ninety days, alleging the same violations of law to which the RTS corresponds. Defendant has moved to dismiss or for a more definite statement.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P.

15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### B. Rule 12(e)

Rule 12(e) permits a court to strike a pleading if it "is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

## III. ANALYSIS

Defendant argues that the Complaint is generally insufficient because the allegations therein are vague and ambiguous, fail to put Defendant on notice of the claims against it, and fail to allege each of the several causes of action apparently intended to be pled under separate paragraphs, as required by Fed. R. Civ. P. 10(b).  Without deciding whether such a technical deficiency requires dismissal when the Complaint is substantively sufficient to put a defendant on notice of the claims against it, the Court urges Plaintiff to remedy this in the event that she decides to file an amended complaint. However, although it could be more artfully drafted, the Complaint easily puts Defendant on notice of race discrimination, gender discrimination, and retaliation claims under Title VII and an age discrimination claim under ADEA.

Defendant also argues in reply that "Plaintiff . . . does not cite to a single case in support of her theory that attaching a Charge of Discrimination to a pleading is sufficient to satisfy minimum pleading standards." (Reply 2:10–12, ECF No. 17.)  The Court can oblige Defendant.  The Ninth Circuit has held that "[a] court is aided in its determination by the attachment of several documents to [a] plaintiff's complaint.  [A] court is not limited by the mere allegations contained in the complaint . . . . These documents, as part

of the complaint, are properly a part of the court's review as to whether plaintiff can prove any set of facts in support of its claim . . . ." *Amfac Mortgage Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978) (citing *Tenopir v. State Farm Mut. Co.*, 403 F.2d 533 (9th Cir. 1968) (considering an insurance policy attached to a complaint in a motion to dismiss for failure to state a claim)) (footnote omitted).

Not only is it appropriate to consider attached documents, in a Title VII case it is more efficient, and practically necessary. When a plaintiff attaches the charge of discrimination and right to sue letter to her Title VII complaint, it makes it much easier for a district court to assure itself of its jurisdiction over the Title VII claims, because jurisdiction only exists for ninety days after a plaintiff receives a right to sue letter, *see* 42 U.S.C. § 2000e-5(f)(1), and the scope of the district court's jurisdiction is circumscribed by the complaint(s) levied in the charge of discrimination that the EEOC has had an opportunity to review, *Vasquez v. County of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-5(b); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002)) (footnotes omitted). A federal court must dismiss a case for lack of jurisdiction if the proponent of federal jurisdiction does not carry its burden of proving it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Failing to attach these documents to a Title VII complaint often causes doubt over the district court's jurisdiction in such cases. Plaintiff has in fact made this Court's pre-trial tasks much easier by attaching these documents, and Title VII plaintiffs should be encouraged to attach such documents and incorporate them into their complaints.

**A.     The Title VII Claims**

      **1.     Race and Gender Discrimination**

The Ninth Circuit recently laid out the framework for examining a Title VII discrimination claim at the summary judgment stage:

> The Supreme Court's landmark case regarding employment discrimination claims brought under Title VII, *McDonnell Douglas v. Green*, sets forth a proof framework with two distinct components: (1) how a plaintiff may establish a prima facie case of discrimination absent direct evidence, and (2) a burden-shifting regime once the prima facie case has been established. 411 U.S. 792, 802–04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In the summary judgment context, the plaintiff bears the initial burden to establish a prima facie case of disparate treatment. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000). If the plaintiff succeeds in showing a prima facie case, the burden then shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for its employment decision. *Id.* at 1123–24. Should the defendant carry its burden, the burden then shifts back to the plaintiff to raise a triable issue of fact that the defendant's proffered reason was a pretext for unlawful discrimination. *Id.* at 1124.

*Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).

Defendant has not moved for summary judgment, but rather for dismissal under Rule 12(b)(6). Therefore, at this stage Plaintiff need only have made out a prima facie case. To make out a prima facie case in the failure-to-promote context, the Ninth Circuit "requires the employee to show: '(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.'" *Id.* (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)).

First, Plaintiff alleges that she is an African-American female. (Compl. 1:22, ECF No. 1.) Second, she alleges she met the performance requirements of her position and that she in fact performed the duties of the applied-for position "on a routine basis" when the former Production Manager was absent and 75% of his duties even when he was present. (*Id.* at 4 ¶ 3.) Third, she alleges that she was denied promotion to Production Manager. (*Id.* at 4 ¶ 5.) Fourth, she alleges that the person who was selected for the position, Mr. Turba, was of a different race and sex. (*Id.*) Plaintiff does not allege in even a conclusory fashion, however, that Mr. Turba's qualifications were similar to or less

impressive than her own.  The fourth element of a race or gender discrimination claim is therefore not sufficiently alleged.  Because this deficiency could be remedied, the Court dismisses the Title VII discrimination claims with leave to amend.

### 2. Retaliation

The same burden-shifting regime applies in retaliation cases.  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  "To establish a prima facie case for a retaliation claim under Title VII, [a plaintiff] must show: (1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that there is a causal link between the two."  *Hernandez*, 343 F.3d at 1113 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)).

First, Plaintiff alleges that she filed a complaint with NERC on April 21, 2009. (Compl. 4, ECF No. 1.)  There is no dispute that this was protected activity.  Second, she alleges that she received a negative performance review from an unidentified supervisor in February 2009, and that Mr. Turba gave her a "write-up" on February 19, 2009 that was otherwise unwarranted. (*See id.* at 3.)  Third, she alleges causation, but does not allege any facts making it plausible.  Plaintiff need not attempt to prove a Defendant's subjective state of mind, but to allow an inference of retaliation she must plead facts that show the person(s) responsible for the adverse employment action(s) knew about the protected activity.  Plaintiff has not pled such facts.

In *Hernandez*, the Ninth Circuit reversed a district court that ruled that a Title VII claimant had failed to make out the causation element of a prima facie case. 343 F.3d at 1113.  The Ninth Circuit pointed out that the defendant company in that case had conceded that Hernandez's supervisor, Mr. Pray, knew that Hernandez's allegations of harassment had been brought to the attention of Ms. Lasher, the human resources manager, and that Lasher had confronted Pray with the allegations. *Id.* at 1110, 1113.

The Ninth Circuit rejected the defendant's claim that Pray had no knowledge that it was Hernandez who had reported the alleged harassment, because it was conceded that Pray knew someone had made a complaint, and Pray could have known or suspected that it was Hernandez. *Id.* at 1113–14.  The court ruled that summary judgment was not appropriate under these facts. *Id.*

Here, unlike in *Hernandez*, there is no allegation at all from which to infer causation.  There is no explicit allegation that any managers at Certainteed knew of Washington's complaint to the NERC before her negative performance review and write-up.  Also, Messrs. Turba and Abraham are not alleged to have known of Plaintiff's internal complaint to the Vice President about not having been promoted.  Because this deficiency could be remedied, the Court dismisses the Title VII retaliation claim with leave to amend.

      **B.**      **The ADEA Claim**

An ADEA plaintiff can establish a prima facie case by alleging that she was "(1) at least forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citation and internal quotation marks omitted).

First, Plaintiff has alleged that she is at least forty years old, as required under 29 U.S.C. § 631(a).  Second, as discussed, *supra*, she has alleged that she was satisfying the performance requirements of her position.  Third, she has alleged that she was passed up for promotion.  Although *Diaz* involved discharge claims, ADEA applies to promotions, as well. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009).  Fourth, she alleges that the promotion went to a younger employee, Mr. Turba.

However, she does not allege the qualifications of Mr. Turba, as required by the fourth element. Neither does she allege facts indicating that Mr. Turba was "substantially" younger. She does not allege his age at all. Because this deficiency could be remedied, the Court dismisses the ADEA claim with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED, and the Complaint is hereby dismissed with leave to amend. Defendant's Motion for a More Definite Statement is consequently DENIED as moot.

DATED this 7th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge