**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ETHEL WASHINGTON,

Plaintiff,

vs.

CERTAINTEED GYPSUM, INC.,

Defendant.

Case No.: 2:10-cv-00204-GMN-LRL

**ORDER**

**INTRODUCTION**

Before the Court is Defendant Certainteed Gypsum, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 24). Plaintiff Ethel Washington filed a Response on November 8, 2010 (ECF No. 25) and Defendant filed a Reply on November 19, 2010 (ECF No. 26).

**BACKGROUND FACTS**

Plaintiff Ethel Washington is an African-American female who is between fifty-five and sixty-eight years old.[1] (Pl.'s Am. Compl. 1:23-26, ECF No. 23.) Plaintiff has been an employee of Defendant Certainteed Gypsum, Inc. since 1986. She had been promoted to the position of Production Supervisor and held that position at all times relevant to this lawsuit. (Pl.'s Am. Compl. 2:2-4, ECF No. 23.) In July 2008, the position of Production Manager became available at Plaintiff's branch. (Pl.'s Am. Compl. 2:6-7, ECF No. 23.) Plaintiff

[1] Plaintiff's Amended Complaint contains discrepancies regarding Plaintiff's age. The first page of the Amended Complaint indicates that Plaintiff was "born in 1942," which would make her sixty-eight or sixty-nine years old during calendar year 2011. However, the third page of the Complaint, which consists of an amendment to Plaintiff's Charge of Discrimination to the Nevada Equal Rights Commission, indicates that Plaintiff was born on December 10, 1954, which would make her fifty-five years old as of the date of this order. In the body of the Charge of Discrimination, dated April 21, 2009, Plaintiff alleges that she is fifty-four years old, which is consistent with a December 10, 1954 date of birth. (See Pl.'s Orig. Compl. at 4, ECF No. 1.)

contends that even though she was "clearly the most qualified for the position" and had previously filled-in as Production Manager many times, she was not interviewed for the job. (Pl.'s Am. Compl. 2:6-8, ECF No. 23.) Instead, Defendant hired James Turba, a white male "more than 20 years younger" than Plaintiff, in November of 2008. (Pl.'s Am. Compl. 2:8-11, ECF No. 23.)

Following Turba's hiring, Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC") on December 22, 2008 (hereafter referred to as "NERC Complaint.") (Pl.'s Orig. Compl. 2-4, ECF No. 1.) The NERC Complaint specifically outlined the discrimination Plaintiff believed motivated the hiring process for Production Manager. Soon thereafter, in February 2009, Plaintiff received a yearly performance appraisal that rated her below standards or partially proficient in certain areas of her job; she contended that these ratings were unusual and that her ratings the previous year were much higher. (NERC Complaint, 3, ECF No. 1.) Plaintiff also received a discipline write-up from Turba on February 19, 2009 that she claims was "unwarranted." (NERC Complaint, 3, ECF No. 1.) Two months later, on April 21, 2009, Plaintiff amended her existing charge of discrimination with NERC and EEOC to include allegations of retaliation, citing the February 2009 events. (NERC Complaint, 3, ECF No. 1.)

Plaintiff contends that she was not interviewed or hired for the Production Manager position because Defendant discriminated against her on the basis of her age, sex, and race. (Pl.'s Am. Compl. 2-4, ECF No. 23.) She also contends that the negative performance appraisals and disciplinary action she received in February 2009 were retaliatory actions by the management in response to her discrimination charge in late 2008. (Pl.'s Am. Compl. 4:1-3, ECF No. 23.) Plaintiff claims she suffered "financial loss and emotional distress" as a result of the alleged discrimination. (Pl.'s Am. Compl. 2:20-22, ECF No. 23.)

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on May 3, 2010 (ECF

No. 9). This Court granted Defendant's motion to dismiss Plaintiff's original complaint with leave to amend, citing Plaintiff's failure to allege in her pleadings a prima facie case of race and sex discrimination, retaliation, and age discrimination. (Order on Mot. Dismiss 6:10-12, ECF No. 21)  Defendant now moves to dismiss Plaintiff's amended complaint, asserting that her claims fall short of the pleading standards set forth by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 548 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1939 (2009). (Def.'s Mot. Dismiss 7:19-26, ECF No. 24.)  Plaintiff responds that under the Supreme Court's decision in Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002), a plaintiff need not plead a prima facie case of discrimination and need only plead "details of the discrimination, relevant dates, and ages [sic], sex, and race of the relevant person" in the discrimination dispute.[2]  (Pl.'s Resp. Mot. Dismiss 4:10-11, ECF No. 25.)

## MOTION TO DISMISS

### A.   Legal Standard

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555.  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Iqbal, 129 S.Ct. at 1949.

The U.S. Supreme Court in recent years has provided varying interpretations of pleading standards under 8(a).  To clarify the pleading questions in this case, a review of three key

---

[2] Plaintiff also asserts that Defendant has converted its motion to dismiss into a motion for summary judgment by attaching copies of correspondence between Defendant's and Plaintiff's attorneys to its motion to dismiss (Def.'s Mot. Dismiss, Ex. A, 25-26, ECF No. 24), and that Plaintiff should therefore be permitted to conduct discovery to adequately prepare a response. (Pl.'s Resp. Mot. Dismiss, 4:23-28, 5:1-8, ECF No. 25.)  However, a motion to dismiss is not converted into a motion for summary judgment unless the Court actually relies upon the exhibits provided by Defendant. See Swedberg v. Marotzke, 339 F.3d 1139, 1143 (9th Cir. 2003).  The Court will not do so here and therefore will continue to treat Defendant's motion as a motion to dismiss.

Supreme Court cases that have defined federal pleading standards is helpful.

**1. Swierkiewicz v. Sorema (2002)**

Plaintiff relies upon Swierkiewicz. In that case, the Supreme Court held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. Swierkiewicz, 534 U.S. at 511. The defendant employer challenged the plaintiff's complaint in the lower courts, arguing that it failed to sufficiently allege a prima facie case which would give rise to a reasonable inference of discrimination. Id. at 509. The Supreme Court, in an opinion written by Justice Thomas, held that the prima facie case elements established in the hallmark discrimination case, McDonnell Douglas v. Green, 411 U.S. 792 (1973), constituted an *evidentiary* standard, not a pleading requirement. Swierkiewicz, 534 U.S. at 510. "It … seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." Id. at 511, 512. Rather, the Court held that a plaintiff pleading employment discrimination need only state "a short and plain statement of the claim showing that the pleader is entitled to relief" that simply "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In the employment discrimination context, the Court held that pleading facts such as the events leading to termination, relevant dates, and the ages and nationalities of at least some of the relevant persons involved in the discriminatory act were sufficient to give the defendant fair notice of the nature of the plaintiff's claims. Swierkiewicz, 534 U.S. at 514. Accordingly, the Supreme Court rejected the defendant's advocacy of a higher 12(b)(6) pleading standard in employment discrimination cases, and held that the plaintiff's complaint survived the defendant's motion to dismiss. Id.

**2. Bell Atlantic v. Twombly (2007)**

Defendants rely upon Twombly. That case was the first of two recent Supreme Court opinions which set forth expanded interpretations of the pleading standard under Fed. R. Civ. P. 8(a). In Twombly, the Court considered whether the plaintiffs' complaint should be dismissed for failure to state a claim and overruled its previous interpretation of section 8(a) in Conley setting forth a new standard: while a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements will not do." Twombly, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." Id. The Court explained that its decision in Twombly did not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is *plausible on its face*." Twombly, 550 U.S. at 570 (emphasis added). "Plausibility, [is] enough fact to raise a reasonable expectation that discovery will reveal evidence" that illegal conduct has occurred. Id. at 545.

The Court specifically addressed its prior decision in Swierkiewicz stating that its new standard in Twombly was in accord with Swierkiewicz: "Swierkiewicz did not change the law of pleading, but simply re-emphasized ... that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." Id. at 570 (quoting Twombly v. Bell Atlantic Corp, 313 F.Supp.2d 174, 181 (S.D.N.Y. 2003)).

**3. Ashcroft v. Iqbal (2009)**

In Iqbal, the Supreme Court elaborated on its decision in Twombly and determined that conclusory allegations were not sufficient to plead intentional discrimination against government officials. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1939 (2009). The Court held that the plaintiff's complaint failed to plead sufficient facts for a claim of purposeful and unlawful

discrimination. Id. at 1947. In explaining its decision, the Court explained Twombly's pleading standards in greater detail:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, *only a complaint that states a* **plausible** *claim for relief survives a motion to dismiss*. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer **more than the mere possibility** of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'

Id. at 1949, 1950 (emphasis added, citations omitted).

In determining whether a claim is plausible, the Court provided the following guideline: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

**4. Ninth Circuit Approach**

Courts across the country have disagreed as to whether Swierkiewicz is still good law under Twombly and Iqbal's more rigorous "plausibility" pleading standard. Compare Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) ("We have to conclude, therefore, that because Conley has been specifically repudiated by both Twombly and Iqbal, so too has Swierkiewicz, at least insofar as it concerns pleading requirements and relies on Conley.") with Jones v. Air Line Pilots Ass'n, 642 F.3d 1100(D.C. Cir. 2011) (court applied Iqbal pleading standard to employment discrimination claim but does not require plaintiff to plead a prima facie case to survive a motion to dismiss, citing Swierkiewicz).

Although the Ninth Circuit Court of Appeals has not had occasion to directly address

whether employment discrimination complaints are still governed by Swierkiewicz, it has implied that Swierkiewicz is still valid as the "more lenient" version of pleading standards set forth by the Supreme Court. Earlier this year, the Ninth Circuit Court of Appeals provided a framework to navigate the Supreme Court's myriad of pleading standards in Starr v. Baca, --- F.3d ---, No. 09-55233, 2011 WL 2988827 (9th Cir. July 25, 2011). In Starr v Baca, a former county jail inmate brought a 42 U.S.C. § 1983 action against the Los Angeles County sheriff, seeking to recover damages for injuries he allegedly sustained when he was attacked by a deputy while other deputies watched. Starr, supra at *1. The defendant sheriff challenged the plaintiff's complaint, asserting that his allegations of violations of the Eighth and Fourteenth Amendments were insufficient to state a claim under Iqbal. Id. at 1197. In evaluating the plaintiff's complaint, the court took the opportunity to clarify the state of pleading standards in the Ninth Circuit. After summarizing five Supreme Court cases including Swierkiewicz, Twombly, and Iqbal which interpret Rule 8(a) along a continuum of "rigorous" to "lenient" pleading standards, the court distilled the following principles from the cases:

> …whatever the difference between these cases, we can at least state the following two principles common to all of them. First, allegations in a complaint or counterclaim must be **sufficiently detailed to give fair notice** to the opposing party of the nature of the claim so that the party may effectively defend against it. Second, the allegations must be **sufficiently plausible** that it is not unfair to require the opposing party to be subjected to the expense of discovery.

Id. at 1204.

Many district courts in the Ninth Circuit faced with discrimination suits have reconciled Twombly, Iqbal and Swierkiewicz by looking at a discrimination complaint *in light of* the relevant evidentiary standard in order to decide whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Sablan v. A.B. Won Pat Int'l Airport, Civ. No. 10-00013, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010) ("Now, when evaluating employment discrimination complaints in the context of a Rule 12(b)(6)

motion to dismiss, district courts in the Ninth Circuit are proceeding on the premise that *although it may not be necessary that the complaint have facts constituting all the elements of a prima facie in order to survive the motion to dismiss, those elements are nonetheless relevant to the court's analysis of the sufficiency of the complaint*.") (emphasis added, citations omitted). In Sablan, a court in the District of Guam evaluated a plaintiff's Title VII employment discrimination complaint by determining whether each allegation either sufficiently alleged an element of the prima facie case *or* provided factual matter that would lead the court to infer that the element of the prima facie case was fulfilled. Id. According to this approach, "The idea … is not that Swierkiewicz has been overruled, but rather that, after Twombly and Iqbal, an employment discrimination plaintiff must get closer to alleging a prima facie case than was necessary a few years ago." Id. at *5. See, e.g., Morgan v. Napolitano, No. CIV. S-09-2649, 2011 WL 2462968, at *11 (E.D. Cal. June 17, 2011) ("From these factual allegations, the court can plausibly infer that plaintiff suffered adverse employment actions because of his age.").

Together, Starr and Sablan present a framework that attempts to reconcile the demands of Twombly and Iqbal on one hand, and Swierkiewicz on the other. To the extent that this court deviated from this approach in its order on Defendant's motion to dismiss Plaintiff's original complaint, that reasoning is now vacated. (*See* Order on Mot. Dismiss 6:10-12, ECF No. 21.) Accordingly, this court will assess Plaintiff's employment discrimination complaint under the two general pleading principles outlined by the Ninth Circuit in Starr: **whether the allegations provide Defendant fair notice of the type of claim being brought, and whether the allegations are sufficiently plausible.** Starr, supra at *14. In determining the plausibility of the allegations, the court will adopt the approach used by the court in Sablan and numerous other district courts in the Ninth Circuit: viewing each allegation in light of the relevant prima facie elements for each cause of action and determining whether Plaintiff either sufficiently pleads an element of the prima facie case *or* provides enough factual allegations that can lead

the court to plausibly infer each element of the prima facie case.

## B. Evaluation of Washington's Complaint[3]

### 1. Title VII Sex And Race Discrimination

Plaintiff first alleges sex and race discrimination under Title VII. Plaintiff alleges that,

> "In July, 2008, the position of Production Manager became vacant at the Blue Diamond location. Plaintiff had filled in for the Production Manager on numerous occasions and according to Plaintiff she was "clearly the most qualified" for the position. Nevertheless, she was not even interviewed and instead a white male more than 20 years younger than she is, James Turba, was selected in November, 2008. Turba was selected instead of Plaintiff primarily because of her sex, female."

(Pl.'s Am. Compl. 2:6-11, ECF No. 23.) Plaintiff also alleges that the management did not promote her because of her race, African-American (Pl.'s Am. Compl. 3:7-9, ECF No. 23).

Under the first prong of the pleading principles in Starr, a plaintiff must show that her allegations provide Defendant fair notice of the type of claim being brought. Starr, supra at *14. Here, Plaintiff's allegations clearly communicate that she is alleging a charge of Title VII sex and race discrimination against Defendant. (Pl.'s Am. Compl. 1:20-22, 2:6-11, 3:7-9, ECF No. 23.) As a result, she provides Defendant fair notice of the nature of her claim. (Order on Mot. Dismiss 4:17-19, ECF No. 21.)

The next step in assessing pleadings under Starr is to determine whether the allegations are sufficiently plausible. Starr, supra at *14. In the employment discrimination context, this

---

[3] In evaluating Plaintiff's complaint, this court will consider Plaintiff's Amended Complaint as well as Plaintiff's NERC (Nevada Equal Rights Commission) Complaint, attached to Plaintiff's Original Complaint. See Order on Mot. Dismiss 5:6-7, ECF No. 21 ("The Ninth Circuit has held that "[a] court is aided in its determination by the attachment of several documents to [a] plaintiff's complaint. [A] court is not limited by the mere allegations contained in the complaint . . . . These documents, as part of the complaint, are properly a part of the court's review as to whether plaintiff can prove any set of facts in support of its claim . . . ." Amfac Mortgage Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426, 429–30 (9th Cir. 1978)).

evaluation involves determining whether Plaintiff either pleads the elements of a prima facie case showing discrimination in a failure-to-promote context, or provides enough factual allegations for the court to plausibly infer that a prima facie case could be made. Sablan, supra at *4. To make out a prima facie case in a failure-to-promote context under Title VII, a plaintiff must show "'(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.'" Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007) (quoting Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998)).

First, Plaintiff sufficiently pleads that she is a member of each protected class as an African-American female. (Pl.'s Am. Compl. 1:23-27, ECF No. 23.) Next, it can plausibly be inferred from her pleadings that she was performing according to her employer's expectations, as she had been promoted up to the position of Production Supervisor, and was given the responsibility of filling in for the Production Manager on "numerous occasions." (Pl.'s Am. Compl. 2:2-4, 2:6-11, ECF No. 23.) Third, Plaintiff sufficiently alleges that she was not promoted to the position of Production Manager, which constitutes an adverse employment action. (Pl.'s Am. Compl. 2:13-18, ECF No. 23.) See Brooks v. City of San Mateo, 229 F.3d 917, 927 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion.").

The final question is whether it can be plausibly inferred from Plaintiff's allegations that other employees with qualifications similar to her own were treated more favorably. Plaintiff need not plead specific facts that establish this element of the prima facie case as long as other factual allegations in the pleading can lead to a plausible inference that other employees with

qualifications similar to her own were treated more favorably.

Plaintiff's qualifications can be reasonably inferred from Plaintiff's complaint. First, she had been given the responsibility of filling in as Production Manager in the past, a responsibility that reflected the management's confidence that she could at least temporarily fulfill the duties of that position. (Pl.'s Am. Compl. 2:2-4, 2:6-11, ECF No. 23.) Compare with Sablan, supra at *5 ("There is no factual matter alleged in the Complaint from which the court could infer that Plaintiff is qualified for her position.") Additionally, Plaintiff also indicates in her NERC Complaint that she performed the duties of Production Manager on a "routine basis" when the former Production Manager was on vacation, and would perform "nearly 75% of the duties" of the Production Manager when he was present so that he could attend to more important tasks. (Pl.'s Orig. Compl. 4, ECF No. 1.) Plaintiff does not provide any information regarding Turba's qualifications.[4] However, she states in her complaint that despite the VP's instruction that she be interviewed, she was "not even interviewed" for the position for alleged 'political' reasons (Pl.'s Am. Compl. 2:6-11, ECF No. 23.) In the NERC Complaint, Plaintiff states:

> On or about July 15, 2008, I interviewed two younger white males for the position. Shortly thereafter, on or about July 24, 2008, I submitted my application for the position. The VP was aware that I applied for the position. The VP was surprised when I informed him that I was not interviewed for the position. He had instructed Glen (Inu), Plant Manager to interview me. Glen failed to interview me for the position. Glen told me that filling the position was 'political.' On or about November 18, 2008, James Turba, a younger white male was selected for the position.

(Pl.'s Orig. Compl. 4, ECF No. 1.)

---

[4] Although Defendant discusses Turba's and Plaintiff's qualifications for the job in its Motion to Dismiss and correspondence attached to its motion, another district court in the Ninth Circuit has held that such arguments are inappropriate to include in a Motion to Dismiss. See Small v. Feather River College, No. 2:10-CV-3026, 2011 WL 1670236, at *5 (E.D. Cal. May 3, 2011) ("Trueblood's arguments that Plaintiff was actually the lesser qualified candidate, or that race discrimination was not a factor in hiring, are more appropriate for a summary judgment motion than a motion to dismiss."). This Court agrees with Small.

Plaintiff falls short of fully pleading the last component of her failure-to-promote prima facie case. However, as explained above she is not required to meet this burden at the pleading stage. Rather, the court must view Plaintiff's allegations in light of the last element of the prima facie case and determine whether it can be plausibly inferred that other employees with qualifications similar to her own were treated more favorably. See Sablan, supra at *4.

Plaintiff provides facts that indicate she was qualified for the job, that the Vice President instructed the Plant Manager to interview Plaintiff but that the latter failed to do so, and that the Plant Manager stated that hiring for the position was "political." (Pl.'s Orig. Compl. 4, ECF No. 1.) Assuming the veracity of Plaintiff's factual allegations, Plaintiff sufficiently "nudges" the last element of the prima facie case towards a plausible inference that others were treated more favorably than her in the application process for Production Manager. See Monaghan v. El Dorado Co. Water Ag., No. 2:10-CV-0434, 2010 WL 3033780, at *4 (E.D. Cal. July 30, 2010) ("Only where a plaintiff has failed to 'nudge [his or her] claims across the line from conceivable to plausible,' is the complaint properly dismissed.") (quoting Iqbal, 129 S.Ct. at 1949). Accordingly, Plaintiff's Title VII race and sex discrimination charges in the failure-to-promote context should survive Defendant's motion to dismiss.

**2. Title VII Retaliation**

Next, Plaintiff alleges that as a result of filing a NERC charge of discrimination, Defendant gave Plaintiff "poor performance appraisals and a negative write-up in retaliation." (Pl.'s Am. Compl. 4:1-3, ECF No. 23.)

Plaintiff alleges in her NERC charge of discrimination:

> Since filing my NERC charge on 12-22-08, I have been retaliated against by Plant Manager, Glen Abraham and by the new Production Manager, James Turba. In February 2009, I received my yearly performance appraisal. I was rated below standards in 2 out of 11 competencies, and only partially proficient in 2 out of 4 skills areas. My previous year's appraisal rated me as effective or very effective

> in all areas. On or about 2-19-09, I received a write-up from Mr. Turba that was unwarranted. I have no previous disciplines in my file in 23 years of employment.

(Pl.'s Orig. Compl. 3, ECF No. 1.) Defendant asserts that the manager who authored the allegedly negative performance review was unaware that Plaintiff had filed a NERC charge of discrimination. (Def.'s Mot. Dismiss 5:10-13, ECF No. 24.)

Plaintiff's retaliation allegations clearly place Defendant on fair notice regarding the nature of her claims. (Order on Mot. Dismiss 4:17-19, ECF No. 21.) Next, it must be determined whether Plaintiff either sufficiently pleads a prima facie case of retaliation based on Title VII or provides enough factual support from which the court can plausibly infer a prima facie case. To establish a prima facie case of retaliation based on Title VII, a plaintiff must show: "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that there is a causal link between the two." Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1113 (9th Cir. 2003).

First, Plaintiff filed a complaint with the Nevada Equal Rights Commission. (Pl.'s Am. Compl. 2:13-18, ECF No. 23.) This act constitutes a protected activity under Title VII. See McGinest v. GTE Service Corp., 360 F.3d 1103, 1125 (9th Cir. 2004) ("By filing a complaint with the EEOC, McGinest engaged in the quintessential action protected by § 704."). Next, Plaintiff sufficiently pleads in her complaint that she suffered an adverse employment action in receiving the issuance of an undeserved negative performance review. (See Pl.'s Am. Compl. 2:13-18, ECF No. 23); Brooks, 229 F.3d at 927, supra.

Finally, it must be determined whether Plaintiff provides enough factual allegations from which the court can plausibly infer that there was a causal link between Plaintiff's protected activity and the negative performance reviews. Alleging a causal link without further factual enhancement falls short of pleading this element of a Title VII retaliation claim. See Vasquez v. Co. of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2003) (affirming dismissal of

retaliation claim where the protected activity occurred thirteen months before the alleged adverse action and there was no evidence of surrounding circumstances showing a retaliatory motive).

Here, Plaintiff alleges in a conclusory manner that there is a causal link between the two events. (Pl.'s Am. Compl. 4:1-3, ECF No. 23.) Plaintiff provides no additional facts that plausibly show that the negative appraisal and write-up were motivated by retaliation, other than the fact that they occurred just two months after her filing the NERC and EEOC charges and that she had never received comparable ratings in her prior 23 years of employment with the same employer. (See Pl.'s Orig. Compl. 3, ECF No. 1.) Plaintiff fails to allege that the two people responsible for the retaliation, Glen Abraham and James Turba, knew that Plaintiff filed a complaint with the NERC. Although it is indeed possible that Defendant undertook these adverse actions against Plaintiff in retaliation for her protected activity, Plaintiff is required to allege more than the mere possibility and fails to provide sufficient factual support to show that Defendant *plausibly* took these actions in retaliation. This Court already highlighted in its previous September 7, 2010 Order (ECF No.21), that Plaintiff's allegation of causation was lacking and provided Plaintiff a window to properly state her claim[5]. Because Plaintiff's Title VII retaliation claim remains insufficient, it is dismissed with prejudice.

**3. ADEA Age Discrimination**

Finally, Plaintiff alleges that Defendant discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"): "Turba was selected instead of Plaintiff primarily because of her age, 54, and Plaintiff has suffered serious injury because of the Defendant's intentional age discrimination." In so alleging, Plaintiff provides

[5] "There is no explicit allegation that any managers at Certainteed knew of Washington's complaint to the NERC before her negative performance review and write-up. Also, Messrs. Turba and Abraham are not alleged to have known of Plaintiff's internal complaint to the Vice President about not having been promoted. Because this deficiency could be remedied, the Court dismisses the Title VII retaliation claim with leave to amend." (Order ECF No. 21).

fair notice to Defendant of the nature of her age discrimination claim. (Accord Order on Mot. Dismiss 4:17-19, ECF No. 21.)

In the Ninth Circuit, failure-to-promote claims brought under the ADEA are evaluated under the same framework as Title VII failure-to-promote claims. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir. 1990) ("Merrick's failure-to-promote claim is a claim of disparate treatment under the ADEA. Such claims are analyzed by the same standard used to analyze disparate treatment claims under Title VII of the Civil Rights Act of 1964…"). Here, the court's evaluation of Plaintiff's age discrimination claim is identical to its evaluation of her race and sex discrimination claims (see "Title VII Sex and Race Discrimination," supra, 14-19), with the exception that here, Plaintiff's protected class status is based on her age. Although discrepancies exist within Plaintiff's Amended Complaint regarding her age, it is clear that she is over the age of 40. Footnote, supra note 1, at 1. Individuals over the age of 40 are a protected class under the ADEA. 29 U.S.C. § 631(a). Accordingly, Plaintiff's age discrimination claim survives Defendant's motion to dismiss.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 24) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Cause of Action for Race Discrimination under Title VII is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's First and Third causes of action survive Defendant's motion to dismiss.

**DATED** this 24th day of August, 2011.

Gloria M. Navarro
United States District Judge